UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERALD JOHNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01103-TWP-DML |
| ) | |
| TROY DOLLERIS Jail Commander; Washington ) | |
| Co. Detention Center, ) | |
| ROGER NEWLON, ) | |
| BRENT MILLER Sheriff, Washington Co. ) | |
| Sheriff's Department, ) | |
| JOSEPH RICHARDSON Capt., Washington Co. ) | |
| Sheriff's Department, ) | |
| JOHN K. PHILLIPS Correctional Officer; ) | |
| Washington Co. Sheriff's Department, ) | |
| AUSTIN LANGFORD Correctional Officer, ) | |
| Washington Co. Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

**I. Screening of Complaint**

**A.** *Legal Standards*

Plaintiff Gerald Johnston is a prisoner currently confined at the Plainfield Correctional Facility. The incidents alleged in the complaint occurred at the Washington County Detention Center (the Jail).

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In

determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

**B.**  *Allegations*

The complaint filed on April 9, 2020, names six defendants: 1) Jail Commander Troy Dolleris; 2) Sheriff Roger Newlon; 3) Sheriff Brent Miller; 4) Captain Joseph Richardson; 5) Officer John K. Phillips; and 6) Officer Austin Langford. For relief, he seeks compensatory damages.

Upon Mr. Johnston's arrival at the Jail on or about May 9, 2018, he informed custody and medical staff that he had "chronic health conditions" for which he required a daily medication Lisinpril and he also had an infection in his left foot. He was placed in an unsanitary holding cell. He asked "staff" for treatment and medications every day but was told to fill out a healthcare slip. He had no forms and no writing utensils so he could not fill out any forms.

Seven days later, after he complained of dizziness and shortness of breath, Captain Richardson ordered him to be stripped naked and placed in a solitary padded isolation cell where he stayed for 15 days. Seven days into the confinement in the isolation cell, nurse Mike came in to see him. The nurse told Officer Langford to dress Mr. Johnston and return him to a population setting after seeing that he receives his blood pressure medications.

Officer Langford gave Mr. Johnston his clothes but put him back into the padded cell in isolation. Mr. Johnston became very distraught and after 20 minutes Officer Langford returned with Officer Phillips. They opened the cell and took Mr. Johnston by both arms using force that caused extreme pain. When he began to scream in pain, they threw him down and slammed the door. Mr. Johnston suffered a bruised and swollen left arm. He still has limited mobility and pain in his left arm and shoulder. He alleges that Commander Dolleris and Sheriffs Newlon and Miller learned about the incident but provided no medical attention.

### C.   *Discussion*

Mr. Johnston does not allege whether he was a pretrial detainee at the time of his Jail incarceration or whether he was a convicted offender. For now, the Court presumes that he was a pretrial detainee, and therefore, his claims are understood to be brought under the Fourteenth Amendment rather than the Eighth Amendment. *McCann v. Ogle City, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

The allegation that the cell Mr. Johnston was placed in was "unsanitary" is too vague to state a claim. Therefore, to the extent he seeks to bring a conditions-of-confinement claim against the Sheriffs, it is dismissed for **failure to state a claim upon which relief can be granted.**

Although Mr. Johnston alleges that he was denied medical treatment when he arrived at the Jail, he does not allege who denied him treatment. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link,

between the misconduct complained of and the official sued is necessary.")). Any claim of denial of medical treatment when he first arrived at the Jail is **denied for failure to state a claim upon which relief can be granted** because no viable defendant has been named.

*Fourteenth Amendment Claims That Shall Proceed*

The claim that after Mr. Johnston complained of feeling dizzy and short of breath, Captain Richardson ordered that Mr. Johnston be stripped naked and placed in a solitary padded cell for days **shall proceed.**

The claims of excessive force brought against defendant Officers Langford and Phillips **shall proceed.**

The claims that Commander Dolleris and Sheriffs Newlon and Miller were aware of Mr. Johnston's injuries after the use of force but failed to provide him medical attention **shall proceed.**

These are the claims the Court discerns in the complaint. If Mr. Johnston believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through August 28, 2020,** in which to identify those claims.

## II.  Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants 1) Jail Commander Troy Dolleris; 2) Sheriff Roger Newlon; 3) Sheriff Brent Miller; 4) Captain Joseph Richardson; 5) Officer John K. Phillips; and 6) Officer Austin Langford, in the manner specified by Rule 4(d). Process shall consist of the complaint filed on April 9, 2020, (docket 1 and 1-1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date:   7/28/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GERALD JOHNSTON
271526
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Jail Commander Troy Dolleris
Washington County Detention Center
801 Jackson Street
Salem, IN 47167

Sheriff Roger Newlon
Washington County Detention Center
801 Jackson Street
Salem, IN 47167

Sheriff Brent Miller
Washington County Detention Center
801 Jackson Street
Salem, IN 47167

Captain Joseph Richardson
Washington County Detention Center
801 Jackson Street
Salem, IN 47167

Officer John K. Phillips
Washington County Detention Center
801 Jackson Street
Salem, IN 47167

Officer Austin Langford
Washington County Detention Center
801 Jackson Street
Salem, IN 47167